UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SCOTT KAPLAN and JEFF ROACH, on behalf of themselves and all others similarly situated,

    Plaintiff,

v.

FULTON STREET BREWERY, LLC, d/b/a Goose Island Beer Company,

    Defendant.

Case No. _____

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, Scott Kaplan ("Kaplan") and Jeff Roach ("Roach") (collectively "Plaintiffs"), hereby bring this action on behalf of themselves and all others similarly situated against Defendant, Fulton Street Brewery, LLC d/b/a Goose Island Beer Company (hereafter "Goose Island" or "Defendant")[1] seeking reimbursement for monies paid for certain beers which beers were sold in violation of the warranty of merchantability and which sales led to Goose Island's unjust enrichment at the expense of Plaintiffs and a putative class.

## THE PARTIES

1. Plaintiff, Scott Kaplan, is a resident of Peabody, Massachusetts.

2. Plaintiff, Jeff Roach, is a resident of Chestnut Hill, Massachusetts.

3. Defendant, Fulton Street Brewery, LLC d/b/a Goose Island Beer Company, is brewing company, with a principal office located at 1800 W. Fulton Street, Chicago, IL 60612 and a registered agent located at 208 So LaSalle Street, Suite 814, Chicago Illinois. At all relevant times hereto, Goose

---

[1] Goose Island is further defined to include all predecessors, subsidiary, affiliates and/or assigns of Goose Island.

Island was in the business of manufacturing and advertising beers for sale to individual consumers throughout Massachusetts.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 ("CAFA") and 28 U.S.C. § 1332(d)(2). The matters in controversy, exclusive of interest and costs, exceeds the sum of $5,000,000.00 and there is complete diversity of jurisdiction. This Court has supplemental jurisdiction over the subject of this action pursuant to 28 U.S.C. § 1367.

5. Venue is proper in this District, pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events giving rise to this action occurred in this District, including the distribution, marketing, advertising, packaging and sale practices of Defendant associated with its beers.

## FACTUAL ALLEGATIONS

6. Plaintiffs repeat and re-allege the factual allegations above.

7. Goose Island brews all of the beer referenced herein.

8. Goose Island distributes all of the beer referenced herein.

9. Goose Island sells all of the beer referenced herein.

10. In 2015, Kaplan purchased 12 bottles of Bourbon County Brand Stout, 2 bottles of Bourbon County Brand Coffee Stout; and 1 bottle of Bourbon County Brand Barleywine ("Kaplan Purchase").

11. In 2016 Goose Island discovered (and subsequently acknowledged) that certain 2015 Bourbon County Beers had been contaminated with *lactobacillus acetotolerans* bacteria ("Contamination").

12. Kaplan's Purchase of Bourbon County Brand Coffee Stout cost Kaplan approximately $10.99/bottle.

13. Kaplan's Purchase of Bourbon County Brand Stout cost Kaplan approximately $12.99/bottle.

14. Kaplan's Purchase of Bourbon County Brand Barleywine cost Kaplan approximately $18.99/bottle.

15. The bottles purchased by Kaplan were Bourbon County Beers infected with the unwanted bacteria.

16. The bottles purchased by Kaplan were Bourbon County Beers infected with *Lactobacillus acetotolerans* bacteria.

17. The Kaplan Purchase included beers which had off-flavors and which were not worth the price of purchase.

18. Kaplan's Purchase included beers which were not of the same quality as similar uninfected brands of beers.

19. Goose Island provided released information relating to the infected beers and issued a recall and refund for the infected beers ("Recall").

20. The Recall was limited in scope and did not reach many effected consumers.

21. The Recall did not inform Kaplan of the infection in a manner which allowed him to realize a refund.

22. The Recall imposed conditions upon purchases by which the purchaser needed to prove the beer was part of the refund.

23. The Recall was available for only a limited time frame.

24. The Recall was available for a limited time frame.

25. The Recall time frame was unreasonable.

26. The Kaplan Purchase included beers which were eligible for a refund under Goose Island's Recall.

27. Kaplan did not get a refund for the Kaplan Purchase.

28. As a result of the Contamination Kaplan now possesses undrinkable Goose Island beers.

29. As a result of the Contamination Kaplan now possesses valueless Goose Island beers.

30. As a result of the Contamination Kaplan now possesses diminished value Goose Island beers.

31. As a result of the Contamination Kaplan now possesses Goose Island beers which do not meet the standards and quality advertised.

32. In 2015, Roach purchased 32 bottles of Bourbon County Brand Stout; 2 bottles of Bourbon County Brand Coffee Stout; and 6 bottles of Bourbon County Brand Barleywine; ("Roach Purchase").

33. Roach's Purchase cost Roach between approximately $12.00 to $15.00/per bottle.

34. The Roach Purchase included beers which had off-flavors and which were not worth the price of purchase.

35. The Roach Purchase included beers which had an abrasive sour/tartness flavor, which flavor was inconsistent with the represented flavor of the Beers purchased.

36. Roach's Purchase included beers which were not of the same quality as uninfected batches of beer.

37. The Recall did not inform Roach of the infection in a timely manner which allowed him to realize a full refund for the Roach Purchase.

38. The Recall imposed conditions upon purchases by which the purchaser needed to prove the beer was part of the refund.

39. The Recall was available for a limited time frame.

40. The Roach Purchase included beers which were eligible for a refund under Goose Island's Recall.

41. Roach did not get a refund for the full amount of the Roach Purchase.

42. Roach opened several of the Bourbon County Brand Stouts.

43. Upon tasting the beers he purchased, Roach found the beer that the taste was sour like lemon juice or a tart lemon candy inconsistent with the taste profile that should have accompanied the Beer.

44. Upon tasting the BC Beers purchased, Roach found the beer did not meet the standards and quality advertised.

45. Roach disposed of the opened bottles of infected beers opened.

46. As a result of the Contamination Roach now possesses undrinkable Goose Island beers.

47. As a result of the Contamination Roach now possesses valueless Goose Island beers.

48. As a result of the Contamination Roach now possesses diminished value Goose Island beers.

49. As a result of the Contamination Roach now possesses Goose Island beers which do not meet the standards and quality advertised.

50. Bourbon County Brand Stout is a premium, award winning beer which many consumers purchase in bulk and let beer age in order to enhance the beer's flavor.

51. Bourbon County Brand Coffee Stout is a premium beer which many consumers purchase in bulk and let beer age in order to enhance the beer's flavor.

52. Bourbon County Brand Barleywine is a premium, award winning beer which many consumers purchase in bulk and let beer age in order to enhance the beer's flavor.

53. Goose Island describes the Bourbon County Brand Stout as: "A liquid as dark and dense as a black hole with thick foam the color of a bourbon barrel. The nose is an intense mix of charred oak, chocolate, vanilla, caramel and smoke. One sip has more flavor than your average case of beer."

54. Goose Island describes the Bourbon County Brand Coffee Stout as: "Each year this excellent coffee stout is made with a different bean variety, chosen in collaboration with our brewers and Intelligentsia's experts… The 2015 incarnation features Intelligentsia Los Delirios coffee from Nicaragua. Available nationwide in limited quantities."

55. Goose Island describes the Bourbon County Brand Coffee Stout as: "truly unique from the previous years."

56. Goose Island describes the Bourbon County Brand Barleywine as: "Aged in the second-use barrels that were once home to Kentucky bourbon, this traditional English-style barleywine possesses the subtlety of flavor that only comes from a barrel that's gone through many seasons of ritual care. The intricacies of the previous barrel denizens – oak, charcoal, hints of tobacco and vanilla, and that

signature bourbon heat – are all present in this beer. Hearty and complex, Bourbon County Brand Barleywine is a titan and a timeline; a bold, flavorful journey through the craft of barrel aging."

57. The 2015 Bourbon County beers subject to the Contamination did not meet the quality and standards advertised by Goose Island.

58. Goose Island provides recipe information to its consumers.

59. Goose Island's recipe information provided to consumers did not notify the consumer of the presence of *Lactobacillus acetotolerans*.

60. Goose Island's recipe information provided to consumers did not notify the consumer of the offending flavor of the beer.

61. The Goose Island Bourbon County Beers are sold as high end beers which purport to have exceptional and complex taste profiles.

62. The beers purchased in the Kaplan and Roach Purchases were not high end beers and did not have exceptional and/or complex taste profiles.

63. The Goose Island Beer purchased in the Kaplan and Roach Purchases was not reasonably suitable for ordinary uses for which goods of that kind and description are sold.

64. The Goose Island Beer purchased in the Kaplan and Roach Purchases were defective at the time of sale and proximately caused Kaplan's and Roach's damages, including but not limited to financial detriment.

**WHEREFORE**, Plaintiffs seek actual and punitive damages, on behalf of themselves and other similarly situated individuals, including but not limited to, any and all amounts paid for Contaminated Goose Island beers.

## **CLASS ALLEGATIONS**

65. Plaintiffs repeat and re-allege the allegations set forth above.

66. Plaintiffs bring this action as a class action in accordance with Federal Rule of Civil Procedure 23.

67. Kaplan and the Class include ("Class"):

> All persons who purchased a Contaminated 2015 BC Beer(s) which were subject to the 2016 recall(s).

68. The members of the Class are so numerous that joinder of all members would be impracticable.

69. Plaintiffs' claims are typical of the claims of other members of the Class.

70. Plaintiffs will fairly and adequately protect the interests of the Class and are represented by counsel experienced in complex class action litigation.

71. Common questions of law and fact exist and predominate over any questions of law or fact which may affect only individual Class Members. Common questions of law and fact include:

   A. Whether the Goose Island beers were contaminated;

   B. Whether the Goose Island sold and distributed Contaminated beers;

   C. Whether the Contaminated beers sold by Goose Island met the warranty of merchantability;

   D. Whether the Contaminated beers sold by Goose Island met the quality and standards advertised by Goose Island;

   E. Whether the Goose Island beers were worth the purchase price paid by the Class;

   F. Whether Goose Island's the Recall allowed customers the fair ability to return the effected beers;

   G. Whether the Recall was unfair and deceptive;

   H. Whether the Recall's limited notice and time frame cause Class Members harm;

    I. The applicable statute of limitations to be determined on any or all of the successful causes of action;

    J. Whether Goose Island should be required to take further action with regard to recalling the Contaminated beers; and

    K. Whether Kaplan and/or the Class are entitled to damages, and if so the proper measure of damages.

72. A class action will cause an orderly and expeditious administration of the claims of the Class.

73. A class action will foster economies of time, effort and expense to ensure uniformity of decisions, presenting the most efficient manner of adjudicating the claims set forth herein.

74. As a result of the Contamination Class Members now possess undrinkable Goose Island beers.

75. As a result of the Contamination Class Members now possess valueless Goose Island beers.

76. As a result of the Contamination Class Members now possess diminished value Goose Island beers.

77. As a result of the Contamination Class Members now possess Goose Island beers which do not meet the standards and quality advertised.

## COUNT I
## BREACH OF WARRANTY OF MERCHANTABILITY

78. Plaintiffs repeat and re-allege the allegations set forth above.

79. Goose Island advertised that the Contaminated beers possessed certain qualities and standards.

80. The Contamination destroyed the value and quality of the beer purchased by Kaplan and Roach.

81. The Contamination diminished the value and quality of the beer purchased by Kaplan and Roach

82. The Contaminated beers sold did not possess the quality and standards advertised by Goose Island.

83. Kaplan and Roach purchased beer which Goose Island purported possessed high quality flavor and complex taste.

84. Kaplan and Roach purchased beer which was Contaminated and accordingly did not possess high quality flavor and complex taste.

85. Class Members purchased beer which was Contaminated and accordingly did not possess high quality flavor and complex taste.

86. As a result of the their purchases, Kaplan and Roach paid money for beer which is inedible and/or valueless and have been damaged as a result.

87. As a result of the Contamination Kaplan and Roach now possess Goose Island beers which do not meet the standards and quality advertised.

88. As a result of the purchase of Contaminated beers, Kaplan, Roach and Class Members did not receive the benefit of the bargain advertised by Goose Island.

89. As a result of the purchase of Contaminated beers, Kaplan, Roach and Class Members have suffered financial harm

90. Goose Island breached the warranty of merchantability when it sold Kaplan, Roach and Class Members beers which were Contaminated.

91. Goose Island breached the warranty of merchantability when it sold Kaplan, Roach and Class Members beers which were not reasonably suitable for ordinary uses for which goods of that kind and description are sold.

   **WHEREFORE**, Plaintiffs respectfully request that this Court enter judgment against Goose Island and award damages to adequately compensate Plaintiffs and the Class for the for Goose Island's breach(es) of the warranty of merchantability, and that the Court award damages, court costs and attorneys' fees.

## COUNT II
## UNJUST ENRICHMENT

92. Plaintiffs repeat and re-allege the allegations set forth above.

93. Goose Island received from Plaintiffs and members of the Class a benefit related to the sale of the Contaminated beers.

94. Goose Island knowingly collected monies from Plaintiffs and members of the Class in excess of what the Contaminated beers were worth.

95. Goose Island directly benefited from the practices detailed herein.

96. As a result of Goose Island's practices and sales, Plaintiffs and members of the Class have conveyed an unwarranted benefit upon Goose Island.

97. Goose Island's collection of monies from Plaintiffs and the members of the Class, related to the sale of Goose Island Products constituted the unjust enrichment of Goose Island to the detriment of Plaintiffs and the members of the Class.

98. Goose Island will be unjustly enriched if it is permitted to retain the unwarranted benefit received due to the facts and practices set forth herein.

99. Plaintiffs and members of the Class are entitled to recover the unwarranted benefit conveyed upon Goose Island.

**WHEREFORE**, Plaintiffs respectfully requests that this Court enter judgment against Goose Island and award damages to adequately compensate Plaintiffs and the Class for the amounts Goose Island was unjustly enriched, and that the Court award damages, court costs and attorneys' fees.

## COUNT III
## DECLARATORY JUDGMENT

100. Plaintiffs repeat and re-allege the allegations set forth above.

101. There exists an actual controversy as to whether Goose Island violated the warranty of merchantability.

102. There exists an actual controversy as to whether Goose Island as to whether Goose Island was unjustly enriched by Plaintiffs' and the Class's purchase of Contaminated Goose Island beers.

103. There exists an actual controversy as to the reasonableness and fairness of the Contaminated beers Recall.

104. Kaplan and the Class are entitled to a declaration that Goose Island violated the warranty of merchantability.

105. Kaplan and the Class are entitled to a declaration that Goose Island was unjustly enriched by Plaintiffs' and the Class's purchase of Contaminated Goose Island beers, and continued retention of the same funds.

106. Kaplan and the Class are entitled to a declaration that the Recall was unfair, deceptive and unreasonable.

107. Kaplan and the Class are entitled to a declaration that Goose Island should provide a full refund to Plaintiffs and the Class for the full amount of all outstanding monies paid in consideration for the Contaminated Goose Island beer.

 **WHEREFORE**, Kaplan and the Class request that this Honorable Court issue declaratory judgment in the manner requested above.

## **PRAYERS FOR RELIEF**

**WHEREFORE**, Plaintiffs, on behalf of themselves and all others similarly situated, demand judgment against Goose Island as follows:

A. An order determining that this action is a proper class action and certifying Kaplan and Roach as representatives of the putative class;

B. An order appointing Kaplan's and Roach's counsel as competent legal representatives of the putative class in this action;

C. An order determining that the acts and practices of Goose Island described herein were/are violations of the common-law principles of the warranty of merchantability and unjust enrichment;

D. An order issuing declaratory judgment in accordance with the relief sought herein;

E. An order determining the appropriate statute of limitations applicable to this action;

F. An order requiring Goose Island to properly resolve the matters addressed herein, including proper notification and remediation of the Contaminated beers recall;

G. An order awarding Kaplan and Roach an appropriate stipend for acting as class representatives; and

H. An order awarding Kaplan and Roach and the Class any further relief as may be just and appropriate.

## **JURY DEMAND**

Kaplan and Roach, on behalf of themselves and all others similarly situated, hereby demand trial by jury on all counts of this Complaint, which are triable by a jury.

Dated:                                              Respectfully submitted,
                                                    Plaintiffs
                                                    By their attorneys,


                                                    /s/ *Kevin J. McCullough, Esq.*
                                                    Kevin J. McCullough, Esq.
                                                    BBO# 644480
                                                    kmcullough@forrestlamothe.com
                                                    Michael C. Forrest, Esq.
                                                    BBO#
                                                    mforrest@forrestlamothe.com
                                                    Brian P. McNiff, Esq.
                                                    BBO# 691655
                                                    bmcniff@forrestlamothe.com
                                                    Forrest, LaMothe, Mazow,
                                                    McCullough, Yasi & Yasi, P.C.
                                                    2 Salem Green, Suite 2
                                                    Salem, MA  01970
                                                    (617) 231-7829